IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MARK NICHOLAS MATSON,    )     CV. NO. 03-00126 DAE-KSC
)
        Petitioner,    )
)
      vs.    )
)
NOLAN ESPINDA,    )
)
        Respondent.    )
_____ )

**ORDER ADOPTING MAGISTRATE'S FINDINGS AND
RECOMMENDATION TO DENY PETITIONER'S AMENDED PETITION FOR
WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**

       Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Petitioner's Motion, the Court

ADOPTS the Magistrate's Findings and Recommendation to Deny Petitioner's

Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed

September 13, 2005.

BACKGROUND AND PROCEDURAL HISTORY

       Petitioner Mark Nicholas Matson ("Petitioner") was convicted for

third degree sexual assault and attempted first degree sexual assault of a thirteen-

year-old boy (the "victim"), which occurred near the Moanalua Bay boat ramp on

August 6, 1998.  On that evening, Petitioner began talking to the victim and allegedly molested him during the performance of two "magic tricks."  The first trick was purportedly a coin disappearing trick ("coin trick") whereby Petitioner placed a coin in the crease of the victim's pants and then made it disappear.  The second trick involved Petitioner attempting to levitate the victim ("levitation trick").[1]

The victim did not mention the coin trick to police after the assault or during his interview.  Consequently, in procuring an indictment for the alleged sexual offenses, the grand jury was only presented with evidence regarding the levitation trick.

The prosecution interviewed the victim prior to trial and learned of the of the coin trick,[2] yet it did not charge Petitioner with additional counts of sexual assault and did not alert Petitioner to these facts.[3]  During the prosecution's direct examination, the victim testified about both the coin and levitation tricks.  Defense Counsel did not object to the substance of the coin trick testimony or to its

---

[1]Petitioner contends that the object of the levitation trick was not actually to make the victim levitate, but only to make the victim *feel* as if he were levitating.

[2]Petitioner contends that the alleged coin trick occurred at least 15 minutes prior to the levitation trick.

[3]The prosecution later stated that it did not believe the conduct with regard to the coin trick was discoverable or chargeable as a separate offense.

admissibility at the time the testimony was proffered.[4]  Resp. Ex. D, 3/2/00 Tr.

Trans. at 137- 43.  Defense counsel did object when the prosecution attempted to

clarify that the coin trick touching may have been accidental.  Id. at 143.  However,

Petitioner's objection was limited to the form of the prosecution's questioning.

Petitioner did not object to the subject or content.  Id.  The victim later testified,

without objection from Defense counsel, that he thought the touching that occurred

during the coin trick could have been an "honest mistake."  Id. at 216, 220.

On cross-examination, Defense counsel questioned the victim

regarding the coin trick.  Id. at 214-215, 219-220.  At the conclusion of the

victim's testimony, Petitioner moved for a mistrial or dismissal with prejudice

arguing that the introduction of evidence regarding the coin trick was improper and

unfairly prejudicial.  The Defense argued that admission of the coin trick testimony

amounted to "uncharged acts which could give rise to a conviction under the

statute which is the basis for the indictment herein, but, which were not identified

in either the indictment or the discovery provided by the State to [Petitioner] prior

to trial."  Resp. Ex. C. at 10, referencing Rec. on App.  The prosecution responded

that it did not believe that the coin trick testimony was discoverable or that the

---

[4]Petitioner argues that he did no object because he believed that the testimony was related to the levitation trick.

conduct giving rise to the testimony was chargeable.  The prosecution further argued that Petitioner's concerns could be dealt with using proper jury instructions. The trial court denied Defense Counsel's motion.  Resp. Ex. E at p. 50.

At the close of evidence, Petitioner renewed both the motion for a mistrial and the alternative motion for a dismissal with prejudice, both of which were denied.  Resps. Ex. G, 3/7/00 Trial Tr. at 30.  However, the court granted Petitioner's request to provide the jury with special interrogatories so that in the event it found Petitioner guilty, it could clarify the specific conduct upon which it based its decision.  Id. at pp. 35-39.  The jury found Petitioner guilty on both charges of third degree sexual assault and attempted first degree sexual assault. The jury also unanimously agreed that:  (1) Petitioner touched the victim's penis twice over his clothing during the coin trick; (2) Petitioner touched the victim's penis over the clothing during the levitation trick; (3) Petitioner touched the victim's penis (skin to skin) during the levitation trick; and (4 )Petitioner put his open mouth near the victim's exposed penis during the levitation trick.  Resp. Ex. L., Verdict and Special Interrogatories.

At the conclusion of trial, Petitioner moved for a judgment of acquittal or a new trial on the grounds that the special interrogatories indicated that his conviction was based upon both charged and uncharged conduct.  The court denied

the motion on the basis that the coin trick testimony was similar to the charged

conduct of which Petitioner had notice, it was not "substantial conduct," the

touching that occurred during the trick may have been inadvertent, and the coin

trick was "essentially part of the same incident or transaction."  The court further

held that the prosecution did not improperly argue that the coin trick was the "basis

for the two charged incidents," or that it demonstrated Petitioner's propensity for

such conduct.  Resp. Ex. I at pp. 19-20; Appendix A to Resp. Ex. C.  Based on

these factors, the court concluded that Petitioner suffered no constitutional harm,

received a fair trial, and had not shown a violation of the Hawaii Rules of Penal

Procedure or the Hawaii Rules of Evidence.  On May 5, 2000, Petitioner was

sentenced to five years for third degree sexual assault and twenty years for

attempted sexual assault in the first degree, to run concurrently.

Petitioner appealed his case arguing that the trial court committed

reversible error by denying his motion for a mistrial or new trial based on the

undisclosed evidence regarding the coin trick.  On July 25, 2002, the Hawaii

Supreme Court upheld Petitioner's conviction by way of a summary disposition

order.

On August 5, 2002, Petitioner filed a motion for reconsideration.  On

August 12, 2002, the Hawaii Supreme Court issued an Amended Order denying

Petitioner's motion on the basis that while the prosecution should have been reprimanded for its imprudence when it failed to inform Petitioner about the victim's additional testimony, the non-disclosure did not violate Petitioner's constitutional rights, the Hawaii Rules of Penal Procedure, the Hawaii Rules of Professional Conduct, or the Hawaii Rules of Evidence.  Furthermore, the non-disclosure of this testimony was harmless.  Resp. Ex. Q at 2.  On September 12, 2002, the Hawaii Supreme Court further amended its August 12, 2002, order to state that the prosecution's failure to disclose the coin trick was harmless beyond a reasonable doubt.  Resp. Ex. S at 2.

On May 20, 2003, Petitioner filed a petition for habeas relief in this Court.  As part of his motion, Petitioner asserted nine grounds for relief.  On April 2, 2004, this Court found that grounds two and nine asserted in Petitioner's motion were barred as he had failed to exhaust his state court remedies.  Petitioner was advised that he could either drop his unexhausted claims and proceed, or he could move for a stay of the action until all his claims were fully exhausted in state court.

On May 24, 2005, Petitioner filed an Amended Petition for Writ of Habeas Corpus.  In his Amended Petition, Petitioner stated seven grounds for relief including:  (1) unconstitutional conviction based in part on surprise evidence in violation of the right to be noticed of all charges; (2) his conviction was obtained

by an unconstitutional variance or constructive amendment to the indictment,

constituting a denial of his fundamental right to a fair trial and due process as

guaranteed by the 5th, 6th, and 14th Amendments to the U.S. Constitution; (3) he

was improperly convicted by the jury of crimes for which he was not charged; (4)

the government's failure to disclose information prior to trial constituted a

violation of his constitutional right to due process and fundamental fairness of

proceedings under the U.S. Constitution; (5) the Hawaii Supreme Court's use of

facts and rational not presented to the trial judge or jury resulted in the denial of

due process, equal protection, and the right to a fair trial; (6) the state improperly

manipulated evidence and facts in violation of Petitioner's constitutional rights; (7)

his conviction was obtained by a denial of Petitioner's fundamental due process

right to a fair trial as guaranteed by the 5th, 6th , and 14th Amendments.

On January 18, 2005, Magistrate Judge Kevin Chang ("Magistrate")

entered his Findings and Recommendation to Deny the Amended Petition

("January 18, Findings") in its entirety on the merits, despite noting that Grounds

Five and Six of Petitioner's Petition were unexhausted and therefore improperly

asserted.

On July 27, 2005, this Court vacated in part the Magistrate's January

18 Findings.  In its Order, this Court held that the Magistrate erred in concluding

that Ground Six of Petitioner's motion was unexhausted.  However, the Court

dismissed Petitioner's motion on the basis that it was a mixed petition because

Ground Five remained unexhausted.  On August 22, 2005, Petitioner filed a notice

electing to remove Ground Five, his only unexhausted claim.

On September 13, 2005, the Magistrate examined Petitioner's motion,

looking only at Grounds one through four, and Grounds six and seven, and issued a

Findings and Recommendation to Deny Petitioner's Amended Petition for Writ of

Habeas Corpus Under 28 U.S.C. § 2254 with prejudice ("Magistrate's F&R").  On

November 21, 2005, Petitioner filed his Objections to the Magistrate's F&R.

## STANDARD OF REVIEW

Any party may serve and file written objections to such proposed

findings and recommendations as provided by rules of court.  28 U.S.C. § 636(b).

Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's case

dispositive order, findings, or recommendations, the district court must make a *de

novo* determination.  A *de novo* review means "the court must consider the matter

anew, the same as if it had not been heard before and as if no decision previously

had been rendered."  U.S. Pac. Builders v. Mitsui Trust & Banking, 57 F. Supp. 2d

1018, 1024 (D. Haw. 1999) (citation omitted).  While the district court need not

hold a *de novo* hearing, the court is obligated to arrive at its own independent

8

conclusion about those portions of the magistrate's findings or recommendation to which objections are made.  Id.

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'  The judge may also receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

DISCUSSION

The Court notes at the onset that the Magistrate issued a comprehensive 25-page Findings and Recommendation to Deny Petition, which exhaustively detailed the basis for Petitioner's motion as well the reasons for denying Petitioner relief.[5]  The Court has thoroughly reviewed Petitioner's objections to the Magistrate's F&R, and finds that Petitioner's objections are without merit.

While Petitioner quarrels with several areas of the factual background as set forth in the Magistrate's F&R, the gravamen of Petitioner's objections is simply a restatement of his longstanding argument – the introduction of evidence

---

[5]The Court also notes that the Magistrate applied the correct legal standard in reviewing Petitioner's motion.

regarding the coin trick at trial constituted error sufficient to overturn his conviction.  In particular, Petitioner argues that: (1) the prosecutor acted inappropriately because Hawaii statutes mandate that each individual act of sexual assault be charged separately; (2) the introduction of evidence regarding the coin trick violated Petitioner's right under federal law to be noticed of all charges; (3) the inclusion of evidence regarding the coin trick essentially bootstrapped other claims by giving credibility to the 3rd degree sexual assault charge; (4) the prosecutor acted improperly by leading the victim to claim that the touching was accidental; (5) the testimony regarding the coin trick had exculpatory as well as inculpatory potential, because it makes it less believable that the victim would have allowed Petitioner to perform another trick; (6) the prosecutor presented the inclusion of the coin trick testimony at trial as a mistake, but on appeal, said it was proper because it went to intent; (7) intent goes to state of mind, which is discoverable – therefore, it was improper for prosecution not to turn this evidence over; (8) there was a fatal variance of the indictment; and (9) the prosecution was obligated to disclose the disputed evidence prior to trial.

I.      Petitioner's Claim That Introduction Of The Coin Trick Evidence Violated
        Hawaii Statutes And Petitioner's Federal Right To Be Noticed Of All
        Charges Against Him.

        At the onset, a violation of a Hawaii statute does not, in and of itself,

provide a basis for habeas relief unless that violation is commensurate with the

violation of a specific constitutional or federal statutory provision.  See Estelle v.

McGuire, 502 U.S. 62, 67-68 (1992) ("It is not the province of a federal habeas

court to reexamine state court determinations on state law questions."); Perry v.

Rushen, 713 F.2d 1447, 1453 (9th Cir. 1983).  Therefore, to the extent that

Petitioner asserts that the prosecution's actions in introducing evidence of the coin

trick only violated Hawaii law, such claims are not reviewable by this Court.

        The main thrust of Petitioner's claim for habeas relief is that because

evidence of the illicit touching during the coin trick was not set forth by the

prosecution at the grand jury hearing, and was chargeable as a separate offense, the

prosecution was precluded from introducing this evidence at trial.[6]

        Neither the Constitution or any federal statute requires the

government to charge a defendant with every conceivable crime that it could based

on the facts of a case.  Due to insufficient evidence or any other reason within the

_____

        [6]It is notable that while evidence regarding the coin trick was not presented to the grand
jury, Petitioner was indicted for engaging in sexual acts during the course of performing magic
tricks.

11

government's discretion, it may decline to charge an individual with certain crimes.  This does not preclude the government from introducing evidence related to these uncharged acts at trial.  Rather, this evidence is subject to standard objections, which preclude this type of testimony on grounds of relevancy, where its probative value is substantially outweighed by it prejudicial nature, or where the evidence of other bad acts are offered to prove a defendant's propensity to commit a crime.  See Haw. R. Evid. 402, 403, 404, 412; Fed. R. Evid. 402, 403, 404, 412, 414.  As noted above, Petitioner was not actually charged with or convicted of any crime based solely on his actions with regard to the coin trick.  Therefore, he cannot assert that he was charged with crimes for which he was not provided notice.  Instead, Petitioner's argument is necessarily a claim that introduction of the testimony violated his right to due process as improper evidence of other bad acts to show the character of Petitioner or actions in conformity therewith.

    A.    Petitioner Cannot Show That The Introduction Of The Coin Trick Evidence Violated His Right To Due Process.

A state court's evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of a fundamentally fair trial.  Jammal v. Van de Kamp, 926 F.2d 918, 919-920 (9th Cir.

1991).  Absent a showing that the admission of evidence was arbitrary or so

prejudicial as to render the trial fundamentally unfair, a federal court will not

overturn a state court's decision to admit evidence on due process grounds.

Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995).  Furthermore, a party seeking

to invoke evidentiary error as a basis for habeas relief must show that such error

had a "substantial and injurious effect on the verdict."  Brecht v. Abrahamson, 507

U.S. 619, 623 (1993).

      As an initial matter, even assuming as Petitioner claims, the coin trick

occurred 15 minutes prior to the levitation trick, it still constituted part of the same

interaction between Petitioner and the victim, and provided relevant background

information leading from the point in which Petitioner met the victim until the

levitation trick.  Therefore, the Court finds that the coin trick does not constitute a

separate bad act, precluded by Rule 404 of the Hawaii Rules of Evidence, but

rather part of one series of events leading to the sexual assault of the victim.[7]

      Even if the coin trick could be separated and characterized as an

"other act" pursuant to Rule 404(b), this Court agrees with the Magistrate's F&R

and the Hawaii Supreme Court that it would still be admissible to show Petitioner's

---

[7]The United States Supreme Court has expressly declined to reach the issue of whether a state law would violate due process "if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged act."  Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1992).

intent.  The evidence related to the coin trick clearly demonstrates that Petitioner had  used a magic trick as a subterfuge to touch the victim's penis and intended to do so again with the levitation trick.

The Court also finds that Petitioner has failed to show that the inclusion of this evidence had a substantial and injurious effect on the verdict. Contrary to Petitioner's assertion, this Court finds no basis to surmise that the jury was predisposed to believing that Petitioner had committed the acts alleged in conjunction with the levitation trick simply because, as part of the same interaction with the victim, he had also performed the coin trick.

Petitioner also erroneously asserts that because the jury stated in their answers to the special interrogatories that Petitioner had improperly touched the victim in connection with the coin trick, they necessarily based their conviction on this fact.  The answers to the special interrogatories only indicate that the jury believed that he had **both** touched the victim's penis outside the pants as part of the coin trick and beneath the pants as part of the levitation trick.  Nothing suggests that absent the testimony regarding the coin trick, the jury might have reached a different verdict.  Indeed, the bulk of testimony presented at trial concerned the

levitation trick and the coin trick was presented solely as a link in the series of events leading up to the levitation trick.

Therefore, this Court agrees with the Magistrate's F&R that Petitioner has failed to show a deprivation of due process or other constitutional violation by the inclusion of evidence regarding the coin trick during trial.

II.    Petitioner's Claim That Inclusion Of The Coin Trick Testimony Operated As A Constructive Amendment or Variance To His Indictment

Petitioner's next series of arguments assert that the Magistrate erred in concluding that the introduction of testimony related to the coin trick did not constitute an unconstitutional constructive amendment or variance of the indictment.  The Court finds Petitioner's claims without merit..

The Fifth Amendment guarantees that a criminal defendant will only stand trial for the charges for which he has been indicted by a grand jury.  United States v. Adamson, 291 F.3d 606, 614 (9th Cir. 2002).  "After an indictment has been returned and criminal proceedings are underway, the indictment's charges may not be broadened by amendment, either literal or constructive, except by a grand jury itself."  Id. at 614 (citing Stirone v. United States, 361 U.S. 212 215-16 (1960)).  The distinction between an amendment and a variance is difficult to draw.

Nevertheless it is important because a constructive amendment always mandates a reversal whereas a variance only requires reversal if it prejudices a defendant's substantive rights.  Adamson, 291 F.3d at 615; United States v. Antonakeas, 255 F.3d 714, 722 (9th Cir. 2001) (stating that a variance requires dismissal only if it has affected the defendant's substantive rights and the defendant could not have anticipated from the indictment what evidence would be presented at trial").  An amendment occurs where (1) the government presents facts at trial distinctly different from those set forth in the charging instrument, or (2) the crime charged was altered to the extent at trial, that it is impossible to know whether the grand jury would have indicted the defendant for the crime actually proved.  Id.  A variance occurs "when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment."  United States v. Von Stoll, 726 F.2d 584, 586 (9th Cir. 1984).

The Magistrate found, and this Court agrees, that Petitioner has failed to show that the terms of the indictment were changed.  The government did not present a materially different complex of facts at trial that was not provided before the grand jury.  As stated in the discussion above, the evidence of the coin trick provided context and background information regarding the events leading up to

the levitation trick.  Nothing requires the government to present all possible

evidence that it has in support of its claim to obtain an indictment.

Contrary to Petitioner's assertion, the crime actually proven at trial

was sexual assault in the third degree and attempted sexual assault in the first

degree, based on his improper acts with regard to performing magic tricks.

Therefore, it does not follow that simply because the jury also found that Petitioner

had touched the victim in connection with the coin trick, the government proved

and the jury convicted Petitioner of charges substantially different from the

underlying crimes for which he was indicted.

In addition, when the prosecution presented evidence to the grand

jury, it stated that on or about August 6, 1998, Petitioner knowingly placed his

hand upon the penis of the less-than-fourteen-year-old victim, both over and under

his clothes, under the pretext of showing the victim magic tricks.  Although not

explicitly set forth to the grand jury, the coin trick involved Petitioner's touching

of the victim's penis outside his clothes and was closely connected in the series of

events leading up to the levitation trick.  Under these circumstances, this Court

finds no basis to conclude that Petitioner's guilt for the sexual offenses was proven

through a single, yet materially different, set of facts than those presented to the

17

grand jury.  Therefore, Petitioner has failed to show that the introduction of the

coin trick testimony amounted to a constructive amendment of the indictment.

The Court also finds no evidence upon which to base a finding that

the evidence of the coin trick constituted a variance.  As noted above, the evidence

of the coin trick only showed that Petitioner, whether accidentally or not, touched

the victim's penis above the pants immediately prior to performing the levitation

trick.  This set of facts is not materially different from those presented to the grand

jury.  As such, Petitioner cannot establish that the admission of evidence regarding

the coin trick constituted a variance from the original indictment.[8]

III.    Petitioner Claim Of A Brady Violation And/Or Prosecutorial Misconduct

The United State Supreme Court, in <u>Brady v. Maryland</u>, 373 U.S. 83

(1963), held that where the government suppresses material evidence favorable to

the accused, such acts constitute a violation of the defendant's right to due process

and fundamental right to a fair trial.  The duty of the government "to disclose

favorable evidence is not dependent upon a request from the accused, and even an

inadvertent failure to disclose may constitute a violation."  <u>Bailey v. Rae</u>, 339 F.3d

1107, 1113 (9th Cir. 2003).  However, not every failure to disclose information

_____

[8]Even assuming that the introduction of the coin trick evidence constituted a variance, the Court finds, for the same reasons set forth in the Magistrate's F&R, that Petitioner was not substantially prejudiced by this evidence.

results in a <u>Brady</u> violation.  There is no <u>Brady</u> violation "unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."  <u>Strickler v. Greene</u>, 527 U.S. 263, 281 (1999).  In order to establish a <u>Brady</u> violation, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."  <u>Id.</u> at 281-82.

Petitioner's argument that the evidence of the coin trick is favorable as exculpatory or for purposes of impeachment is tenuous at best.  Petitioner claims that had he touched the victim during the coin trick, the victim would unlikely have allowed him to perform the levitation trick.  However, the victim testified that he did not leave because he felt that the touching of his penis outside his pants could have been an "honest mistake."[9]  Resp. Ex. D, 3/2/00 Tr. Trans. at 215, 220. Furthermore, any impeachment value the evidence had due to the victim's failure

---

[9]Petitioner contends that the prosecution improperly led victim to say that it was an accident.  However, the record shows that Petitioner objected to the question posed as leading, which was sustained by the Court.  Resp. Ex. D, 3/2/00 Tr. Trans. at 143.  Later in the testimony, the victim stated that the touching during the coin trick could have been an honest mistake.

to disclose the coin trick to the police was clearly available to Petitioner upon cross-examination of the victim.

In addition, Petitioner cannot show that he was materially prejudiced by the inclusion of the testimony regarding the coin trick. This Court finds no basis to hold that the disclosure of this evidence to Petitioner prior to trial would have changed the outcome of the proceeding. Rather, Petitioner had a fair opportunity to impeach the victim's testimony and inquire as to why he had not previously disclosed the coin trick during the police interview. In addition, the jury expressly found that Petitioner had touched the victim's penis both during the coin trick and during the levitation trick. Therefore, this Court agrees with the Magistrate's F&R in holding that the government's failure to appraise Petitioner of the coin trick testimony before trial did not constitute a <u>Brady</u> violation.

For the same reasons articulated in the Magistrate's F&R, this Court also finds that Petitioner has failed to show that any prosecutorial misconduct involved in failing to disclose evidence of the coin trick prior to trial violated his right to due process.

<u>CONCLUSION</u>

For the reasons stated above, the Court ADOPTS the Magistrate's

Findings and Recommendation to Deny Petitioner's Amended Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2254.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 1, 2006.

_____
David Alan Ezra
United States District Judge

<u>Mark Nicholas Matson  v. Nolan Espinda</u>, CV. NO. 03-00126 DAE-KSC; ORDER
ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATION TO
DENY PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS
CORPUS UNDER 28 U.S.C. § 2254 FILED SEPTEMBER 13, 2005