ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 2 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK NICHOLAS MATSON ) | CIVIL NO. 03-00126 DAE/KSC |
| ) | |
| Petitioner, ) | APPLICATION FOR COA |
| ) | NOTICE OF INTENT TO |
| ) | APPEAL |
| ATTORNEY GENERAL, STATE OF ) | |
| HAWAII ) | |
| Respondent ) | (Rule 22(b), FRAP; 28 USC * 2253) |

**APPLICATION FOR CERTIFICATE OF APPEALIBILITY FROM THE
DISTRICT COURT
AND INTENT TO APPEAL TO 9th CIRCUIT; EX PARTE**
(Rule 22(b), FRAP; 28 USC * 2253)

**TO:** Judge David Alan **EZRA,** United States District Judge

**INTRODUCTION**

**COMES NOW MARK NICHOLAS MATSON,** Petitioner Pro Se, (hereafter "Petitioner") Pursuant to 28 USC * 2253, Rule 22 FRAP, and the Ninth Circuit Rule 22-1, hereby requesting that the District Court issue a Certificate of Appealability (COA), permitting Petitioner to appeal from the judgment entered by the Court on *May 2, 2006;* [**May 19, 2006**] denying the petition for writ of habeas corpus in the above-entitled matter. Concurrently with this Application, Petitioner has filed a timely **Notice of Appeal**.

Therefore, Petitioner presents the Court with the following issues that he continues to believe should be worthy of consideration for the granting of the writ.

**ISSUES ON WHICH THE CERTIFICATE OF APPEAL IS SOUGHT:**

1. The introduction of (non-disclosed, yet known) evidence by the state at trial regarding the coin trick was that of <u>another separate crime</u> by

statute, that Petitioner was never indicted for, and yet the jury found guilt for. This in and of itself was enough of a constitutional violation to overturn the entire conviction and remand and/or dismiss. I believe the Court's findings are debatable among different jurists.

2. The prosecutor acted outside the law because <u>Hawaii statutes mandate</u> [emphasis added], that each and every *identifiable individual act of sexual assault be charged distinctly and separately*. Thus the evidence at trial was that of another crime which was uncharged. The grand jury was given information <u>in the specific</u> and <u>they charged in specific</u>. The disputed evidence was another charge <u>in specific</u>. This cannot be simply dismissed as having no consequence by any standard, when such serious matters as freedom and inalienable rights to liberty are at stake. I am sure Case law speaks to this issue.

3. The introduction of the evidence regarding the coin trick violated the Petitioner's right under federal law to be noticed of all charges.

4. The illicit evidence basically bootstrapped the other claims and tainted the jury into believing those *other* charged claims; <u>it was the basis</u> for the their belief that Petitioner must have committed the charged offenses.

5. The prosecution acted improperly by leading the witness into the Testimony (which he knew about beforehand, but did not disclose as mandated by law), thus surprising and ambushing and confusing Petitioner at trial. Case law must sustain this belief.

6. The illicit testimony had exculpatory potential for its impeachment value, because it makes the credibility of the victim less believable, recalling that it is solely on the word of the "victim" that Petitioner is convicted… Case law backs this claim up.

7. The prosecution's claim that the evidence was offered at trial by mistake, but on appeal claims it was offered to show *intent;* clearly manipulating the way evidence is presented before different Courts, is a serious violation against fundamental due process and fairness. This cannot be just swept away, and I'm sure there must be case law that addresses this issue.

8. Intent goes to state of mind, which is discoverable – therefore, it was improper for the prosecution not to turn this evidence over prior to trial.

9. There was a fatal variance or constructive amendment to the indictment.

10. The prosecution had the mandated obligation to turn over the disputed evidence prior to trial and/or to seek the judges' permission to solicit information about it since it was questionable. Instead they lead the "victim" into testifying about this new allegation; thus surprising and ambushing Petitioner at trial.

11. Petitioner further objects to the District Court's finding that the disputed evidence is NOT evidence of a separate bad act, precluded by Rule 404(b) of the HRE, seriously violating fundamental fairness and rights. The District Court's finding, like the HI Supreme Court's is unreasonable under the law.

12. Petitioner further objects to the Court's finding that the special interrogatories *only* indicate that the jury believed Petitioner had both

3

touched the victim's penis outside the pants and beneath the pants. This is belief in ***ANOTHER SEPARATE CRIME by statute***. Petitioner was charged with TWO crimes *(in specific)*, yet the jury found guilt for THREE or MORE *(in specific)*. Because they are the same "type" of crime is of no consequence. Otherwise, one could reason that persons should not be charged with more than one count of a "type" of crime, because after the first act, it's all just informational. This break in due process in and of itself should be grounds for reversal. The Jury was given NO "election" or "limiting Instruction" or "curative Instruction" as required. The state clearly broke a "trust" with the Petitioner and the public through their manipulation of evidence, and the illegal act of non-disclosure. Although unaware of which one, Petitioner believes Case law must back up this claim.

13. Petitioner further objects to the Court's finding that the "government did NOT present a **materially different complex** set of facts at trial that was not provided before the grand jury." **This does not make sense, and the Court's finding seems unreasonable,** as the act testified to was not just informational – it *was material* in that it was evidence of a completely new charge (sex assault - crime). This finding does not pass the "reasonable man" standard, as the Petitioner at trial believed the state had disclosed all material evidence prior to trial as required by statute under Hawaii and U.S. Law and due process. This "reasonable man" standard is a constitutional protection which is to be equally applied to all, as a protection against the precise complaint made by me from the outset. Petitioner also notes that the Court seems to believe "that the government didn't have to present all possible evidence that it *has* in support of its claim to obtain an

indictment..." (pg17); while this may be true, one must remember <u>that they *didn't have* the information themselves until the week prior to trial</u> when the "victim" changed his story for ***another*** time... Therefore the judge's finding does not logically follow – as the state themselves did not have the new specific information until a week before trial, and they failed to disclose this new specific allegation of a crime to the defense as mandated by law, due process, and basic adversarial fairness for trial. Case law must support this claim.

14. Petitioner also objects to the Court's finding that (pg 20) "disclosure of the testimony prior to trial would [not] have changed the outcome of the proceeding," is of little consequence. This, **<u>while still debatable,</u>** does not change the fact that the Rule of court and due process was broken. One does not excuse the other, as the judge seems to reason. It cannot be disputed <u>See:</u>(Special Interrogatories), that the government received an illegal windfall from the undisclosed evidence of another crime, alleged, but <u>*never presented in specific to the grand jury as the charged crimes were (specified to)*</u> [emphasis added]. This "windfall" did in fact form the basis for the trial jury's decision to convict on the specified to and charged crimes. At the very least, it confused them into believing Petitioner was guilty of more than the charged crimes – in specific...

### STANDARD FOR ISSUANCE OF COA

In the U.S. Supreme Court decision in <u>Miller-El v. Cockrell,</u> 537 U.S. 322, 123 S.Ct.1029 (2003), the Court clarified the standards for issuance of a COA:

> ...A prisoner seeking a COA need only demonstrate a "substantial showing of the denial of constitutional right". A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

Id., 123 S.Ct. at 1034, citing Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reduced to its essentials, the test is met where the petitioner makes a showing that "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Id., at 1039, citing Barefoot v. Estelle, 463 U.S. 880 (1983). This means that the petitioner does not have to prove that the district court was necessarily *"wrong"* – just that its resolution of the constitutional claim is *"debatable"*:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack, where a district court has rejected the constitutional claims on the merits, the showing required to satisfy * 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Petitioner continues to believe that his claims are valid and that his U.S. Constitutional guarantees were violated by the State of Hawaii prior to, during and post trial; and that he is now being held in violation. Therefore he seeks a Certificate of Appealability so that that Circuit Court may review these matters and grant the sought after relief.

## CONCLUSION

Based on the foregoing, Petitioner respectfully submits that the District Court's findings are subject to debate among jurists of reason; and consequently, that a COA should be granted.

This  25  Day of May 2006, Tutwiler, Mississippi.

Respectfully Submitted,

_____

MARK N. MATSON

In Propria Persona