IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARK NICHOLAS MATSON, | ) | CV. NO. 03-00126 DAE-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NOLAN ESPINDA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER GRANTING PETITIONER'S MOTION FOR ISSUANCE OF A
CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's motion and the supporting memoranda, this Court GRANTS Petitioner's Motion for the Issuance of a Certificate of Appealability on four of the fourteen issues presented by Petitioner.

BACKGROUND

Petitioner Mark Nicholas Matson ("Petitioner") was convicted of third-degree sexual assault and attempted first-degree sexual assault of a thirteen-year-old boy ("the victim"). On the evening of August 6, 1998, Petitioner molested the victim near the Moanalua Bay boat ramp while performing two

"magic tricks." The first trick was purportedly a coin disappearing trick ("coin trick") whereby Petitioner placed a coin in the crease of the victim's pants and then made it disappear. The second trick involved Petitioner attempting to levitate the victim ("levitation trick").

During his interview with the police, the victim described the events leading to the levitation trick, but failed to mention the coin trick. Consequently, the grand jury was only presented with evidence regarding the levitation trick. The grand jury returned an indictment charging Petitioner with Count I, Sexual Assault in the Third Degree, in violation of Hawaii Revised Statutes Section 707-732(1)(b), and Count II, Attempted Sexual Assault in the First Degree, in violation of Hawaii Revised Statutes Sections 705-500 and 707-730(1)(b).

Prior to trial, the Government interviewed the victim and learned of the coin trick for the first time,[1] but elected not to charge Petitioner with any additional counts of sexual assault. The Government also chose not to inform Petitioner of the new information.[2] During the Government's direct examination of the victim at trial, the victim testified about both the coin and levitation tricks.

---

[1] Petitioner contends that the alleged coin trick occurred at least 15 minutes prior to the levitation trick.

[2] The Government later stated that it did not believe the conduct with regard to the coin trick was discoverable or chargeable as a separate offense.

At the conclusion of the victim's testimony, Petitioner moved for a mistrial or dismissal with prejudice, arguing that the introduction of evidence regarding the coin trick was improper and unfairly prejudicial. Petitioner claimed that the coin trick evidence amounted to "uncharged acts...which were not identified in either the indictment or the discovery provided by the State to [Petitioner] prior to trial." (Resp. Ex. C at 10, referencing Rec. on App.) The trial court denied Petitioner's motion. (Resp. Ex. E at 50.)

At the close of evidence, Petitioner renewed both the motion for a mistrial and the alternative motion for a dismissal with prejudice, both of which were denied. (Resp. Ex. G, 3/7/00 Trial Tr. at 30.) However, the court granted Petitioner's request to provide the jury with special interrogatories to clarify the specific conduct upon which a guilty verdict, if found, would be based. (Id. at 35-39.) The jury found Petitioner guilty on both charges of third degree sexual assault and attempted first degree sexual assault.[3]

At the conclusion of trial, Petitioner moved for a judgment of acquittal or a new trial on the grounds that the special interrogatories indicated that his

---

[3] The jury also unanimously agreed that: (1) Petitioner touched the victim's penis twice over his clothing during the coin trick; (2) Petitioner touched the victim's penis over the clothing during the levitation trick; (3) Petitioner touched the victim's penis (skin to skin) during the levitation trick; and (4) Petitioner put his open mouth near the victim's exposed penis during the levitation trick. (Resp. Ex. L., Verdict and Special Interrogs.)

3

conviction was based upon both charged and uncharged conduct. The court denied the motion[4] and concluded that Petitioner received a fair trial. The court further found that there was no violation of Petitioner's constitutional rights or of the Hawaii Rules of Penal Procedure or the Hawaii Rules of Evidence. On May 5, 2000, Petitioner was sentenced to five years for third degree sexual assault and twenty years for attempted sexual assault in the first degree, to run concurrently.

Petitioner appealed, arguing that the trial court committed reversible error by denying his motion for a mistrial or new trial. On July 25, 2002, the Hawaii Supreme Court upheld Petitioner's conviction.

On August 5, 2002, Petitioner filed a motion for reconsideration, which was denied by the Hawaii Supreme Court in an Amended Order on August 12, 2002.[5] On March 20, 2003, Petitioner filed a petition for habeas relief to this Court, asserting nine grounds for relief. On April 2, 2004, this Court found that

---

[4]The court found that the coin trick testimony was similar to the charged conduct of which Petitioner had notice; it was not "substantial conduct"; the touching that occurred during the trick may have been inadvertent; and the coin trick was "essentially part of the same incident or transaction."

[5]The court found that while the Government should have been reprimanded for its imprudence when it failed to inform Petitioner about the victim's additional testimony, the non-disclosure did not violate Petitioner's constitutional rights, the Hawaii Rules of Penal Procedure, the Hawaii Rules of Professional Conduct, or the Hawaii Rules of Evidence. Furthermore, the nondisclosure of this testimony was found to be harmless. (Resp. Ex. Q at 2.) On September 12, 2002, the Hawaii Supreme Court further amended its August 12, 2002, order to state that the Government's failure to disclose the coin trick was harmless beyond a reasonable doubt. (Resp. Ex. S at 2.)

Grounds Two and Nine were barred as Petitioner had failed to exhaust his state court remedies. On May 24, 2004, Petitioner filed an Amended Petition for Writ of Habeas Corpus, based on the remaining seven grounds for relief.

On September 13, 2005, the Magistrate Judge examined Petitioner's motion, looking only at the exhausted claims, and issued a Findings and Recommendation to Deny Petitioner's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 with prejudice ("Magistrate's F&R"). On May 2, 2006, this Court adopted the Magistrate's F&R. On May 30, 2006, Petitioner filed a Motion for Reconsideration, which was denied by this Court on May 6, 2006.

On June 6, 2006, Petitioner applied for this Certificate of Appealability and filed a Notice of Intent to Appeal to the Ninth Circuit Court of Appeals.

STANDARD OF REVIEW

A prisoner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial or dismissal of his petition. 28 U.S.C. § 2253(b); see also Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). Rather, the right to appeal is governed by 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, which requires that a Petitioner seek and obtain a certificate of appealability ("COA") from a circuit

justice or judge.[6]  28 U.S.C. § 2253(c)(1); see also Slack v. McDaniel, 529 U.S. 473, 478 (2000).  A COA may only be issued if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order to satisfy the requisite showing for a COA when a petition for habeas corpus has been denied on its merits, the petitioner must demonstrate that "reasonable jurists could debate whether... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack, 529 U.S. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  In essence, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

The "substantial showing" standard has been interpreted as being a "relatively low" or "modest standard." Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002); Silva v. Woodford, 279 F.3d 825, 832 (9th Cir. 2002).  While the petitioner must satisfy this requisite standard, this does not require a demonstration that the appeal will in fact succeed.  Miller-El, 537 U.S. at 337.  Accordingly, when

---

[6]This is the language of the statute.  However, Rule 22(b), modified by Congress at the same time, says that "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate."

determining whether to issue a COA, the court shall not engage in a full consideration of the merits of the petitioner's claim and shall not decline the application based on a belief that the petitioner will not demonstrate an entitlement to relief.  Id. at 336-37.  In addition, the court must resolve doubts about the propriety of a COA in favor of the petitioner.  Jennings, 290 F.3d at 1010.  Since appellate review is limited to those issues that meet the requisite standard for the COA, when reviewing the petitioner's application, the Court shall do so on an issue-by-issue basis, indicating which specific issues satisfy the requisite COA showing.  28 U.S.C. § 2253(c)(3); see also Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999).

## DISCUSSION

Petitioner presents fourteen issues for consideration in the instant COA, however, all of these issues are restatements of Petitioner's longstanding argument that the introduction of evidence regarding the coin trick at trial constituted error sufficient to overturn his conviction.

In its May 2, 2006 Order, this Court made the following findings about the coin trick: (1) that introduction of the coin trick evidence did not violate Petitioner's right to due process; (2) the coin trick did not constitute a separate bad act; (3) Petitioner failed to show that the inclusion of the coin trick evidence had a

substantial and injurious effect on the verdict; (4) Petitioner failed to show that the introduction of the coin trick testimony was a constructive amendment or variance of the indictment; and (5) the Government's failure to appraise Petitioner of the coin trick testimony before trial did not constitute a Brady violation. Petitioner challenges these findings and argues that they would be debatable among different jurists.

This Court disagrees with Petitioner that the findings by the Court would be debatable. However, any possible doubts about the propriety of a COA must be resolved in the petitioner's favor. Jennings, 290 F.3d at 1010. As such, this Court GRANTS Petitioner a COA for the following issues: (1) whether the testimony regarding the coin trick was evidence of a separate crime for which Petitioner was not indicted; (2) whether the Government failed to disclose discoverable evidence prior to trial; (3) whether there was a fatal variance to the indictment; and (4) whether this Court erred in finding that the government did not present a materially different complex set of facts at trial than was provided before the grand jury.

This Court finds that the remaining eight issues raised by Petitioner are reiterations of the issues identified above or are without merit. As such, they are not included in the COA.

## CONCLUSION

For the reasons stated above, this Court GRANTS Petitioner's Motion for the Issuance of a Certificate of Appealability on four of the fourteen issues presented by Petitioner.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 14, 2006.

_____
David Alan Ezra
United States District Judge

Mark Nicholas Matson vs. Nolan Espinda, CV. NO. 03-00126 DAE-KSC, ORDER GRANTING PETITIONER'S MOTION FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY