FILED

**NOT FOR PUBLICATION**

MAR 10 2008

MOLLY DWYER, ACTING CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK NICHOLAS MATSON, | No. 06-16372 |
| Petitioner - Appellant, | D.C. No. CV-03-00126-DAE |
| v. | |
| LUNA; et al., | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted February 26, 2008[**]

Before:    BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Clerk shall file Matson's "Statement Setting Forth the Reasons Why Oral Arguments Should Be Heard," received on November 17, 2006. Matson's request for oral argument is denied. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hawaii state prisoner Mark Nicholas Matson appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition on the merits. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Matson contends that testimony regarding his actions while performing a coin trick constituted evidence of uncharged conduct, and therefore was improperly admitted in violation of his due process rights. We conclude that because the jury could draw permissible inferences from this evidence, the Hawaii Supreme Court's denial of relief was not contrary to, or an unreasonable application of *Estelle v. McGuire*, 502 U.S. 62, 67-70 (1991). *See Windham v. Merkle*, 163 F.3d 1092, 1103-04 (9th Cir. 1998).

Matson further contends that the prosecution failed to disclose its knowledge of the coin trick testimony, thereby violating his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). However, the Hawaii Supreme Court's decision was not contrary to, or an unreasonable of, clearly established federal law, because Matson cannot establish a reasonable probability that had the evidence been disclosed to the defense, the result of the proceedings would have been different. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *see also United States v. Vgeri*, 51 F.3d 876, 880 (9th Cir. 1995).

Matson next contends that the introduction of evidence regarding the coin trick constituted a constructive amendment of the indictment or a fatal variance from the indictment.  However, such a claim is predicated on a Fifth Amendment right to presentment or indictment by a grand jury, which has not been incorporated into the Fourteenth Amendment so as to apply against the states.  *See Gautt v. Lewis*, 489 F.3d 993, 1003 n.10 (9th Cir. 2007).  Therefore, Matson's claim lacks merit.  *See id*.

To the extent that Matson's brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion.  *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**