

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD, C-338
HONOLULU, HAWAII 96850-0338
CLERK

OFFICIAL BUSINESS

NOT ACCEPTABLE
UNKNOWN
UNAUTHORIZED
CORRESPONDENCE

RETURN TO SENDER
NEED CORRECT NAME + NUMBER
NO LONGER AT THIS ADDRESS
OTHER

RTS

Mark Nicholas Matson
A0763786
TALLAHATCHIE COUNTY CORRECTIONAL FACILITY

DISTRICT OF HAWAII

RECEIVED
JUL 28 2008
CLERK U.S. DISTRICT COURT

NIXIE        392    CE    1        78    07/25/08

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 96850        *0972-14908-11-42

UNITED STATES POSTAGE
$01.00°
PITNEY BOWES
02 1M
000424303 9
MAILED FROM ZIP CODE 96817
JUL 11 2008

# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 07 2008

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

MARK NICHOLAS MATSON,

        Petitioner - Appellant,

  V.

LUNA; ATTORNEY GENERAL OF THE
STATE OF HAWAII,

        Respondents - Appellees.

No.  06-16372
D.C. No.  CV-03-00126-DAE
District of Hawaii, Honolulu

**MANDATE**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 10 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

      The judgment of this Court, entered 3/10/08, takes effect this date.

      This constitutes the formal mandate of this Court issued pursuant to Rule
41(a) of the Federal Rules of Appellate Procedure.


                  FOR THE COURT:

                  Molly C. Dwyer
                  Clerk of Court


                  By: Gabriela Van Allen
                  Deputy Clerk

FILED

NOT FOR PUBLICATION

MAR 10 2008

UNITED STATES COURT OF APPEALS

MOLLY DWYER, ACTING CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK NICHOLAS MATSON, | No. 06-16372 |
| Petitioner - Appellant, | D.C. No. CV-03-00126-DAE |
| v. | |
| LUNA; et al., | MEMORANDUM<sup>*</sup> |
| Respondents - Appellees. | |

MARK NICHOLAS MATSON,

       Petitioner - Appellant,

v.

LUNA; et al.,

       Respondents - Appellees.

No. 06-16372

D.C. No. CV-03-00126-DAE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted February 26, 2008[**]

Before:    BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Clerk shall file Matson's "Statement Setting Forth the Reasons
Why Oral Arguments Should Be Heard," received on November 17, 2006.
Matson's request for oral argument is denied.  The panel unanimously finds this
case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hawaii state prisoner Mark Nicholas Matson appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition on the merits. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Matson contends that testimony regarding his actions while performing a coin trick constituted evidence of uncharged conduct, and therefore was improperly admitted in violation of his due process rights. We conclude that because the jury could draw permissible inferences from this evidence, the Hawaii Supreme Court's denial of relief was not contrary to, or an unreasonable application of *Estelle v. McGuire*, 502 U.S. 62, 67-70 (1991). *See Windham v. Merkle*, 163 F.3d 1092, 1103-04 (9th Cir. 1998).

Matson further contends that the prosecution failed to disclose its knowledge of the coin trick testimony, thereby violating his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). However, the Hawaii Supreme Court's decision was not contrary to, or an unreasonable of, clearly established federal law, because Matson cannot establish a reasonable probability that had the evidence been disclosed to the defense, the result of the proceedings would have been different. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *see also United States v. Vgeri*, 51 F.3d 876, 880 (9th Cir. 1995).

Matson next contends that the introduction of evidence regarding the coin trick constituted a constructive amendment of the indictment or a fatal variance from the indictment. However, such a claim is predicated on a Fifth Amendment right to presentment or indictment by a grand jury, which has not been incorporated into the Fourteenth Amendment so as to apply against the states. *See Gautt v. Lewis*, 489 F.3d 993, 1003 n.10 (9th Cir. 2007). Therefore, Matson's claim lacks merit. *See id*.

To the extent that Matson's brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

**United States Court of Appeals for the Ninth Circuit**
**Office of the Clerk**
95 Seventh Street; San Francisco, California 94103

**General Information**
**Judgment and Post-Judgment Proceedings**

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the file stamp date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1, 2)**
- The mandate will issue seven (7) calendar days after the expiration of the time for filing a petition for rehearing or seven (7) calendar days from the denial of a petition for rehearing, unless the court directs otherwise. If a stay of mandate is sought, an original and four (4) copies of the motion must be filed. The mandate is sent only to the district court or agency, we do not provide a copy to the parties.

**Publication of Unpublished Disposition (9th Cir. R. 40-2)**
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency, or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to 4)**

**(1)    A.    Purpose (Panel Rehearing):**
- A petition for panel rehearing should only be made to direct the Court's attention to one or more of the following situations:
  - A material point of fact or law overlooked in the decision;
  - A change in the law which occurred after the case was submitted and which appears to have been overlooked by the panel;
  - An apparent conflict with another decision of the court which was not addressed in the opinion.
- Petitions which merely reargue the case should not be filed.

- If a petition for panel rehearing does not include a petition for rehearing en banc, the movant shall file an original and 3 copies.
- If the petition for panel rehearing includes a petition for rehearing en banc, the movant shall file an original and 50 copies.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)

- The bill of costs must be filed within 14 days after entry of judgment.
- See attached form for additional information.

## Attorney's Fees

- Circuit Rule 39-1 describes the content and due dates for attorney fee applications.
- Any relevant forms are available on our website www.ca9.uscourts.gov or by telephoning 415 355-7806.

## Petition for Writ of Certiorari

- Please refer to the Rules of the United States Supreme Court at www.supremecourtus.gov

## Counsel Listing in Published Opinions

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please notify **in writing within 10 days**:
    - West Publishing Company; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor), and
    - Clerk, U.S. Court of Appeals; PO Box 193939; San Francisco, CA 94119-3939 (Attn: Opinions Clerk).

**Form 10. Bill of Costs** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *(Rev. 1-1-05)*

## United States Court of Appeals for the Ninth Circuit

### BILL OF COSTS

**Note:**  If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1.  A late bill of costs must be accompanied by a motion showing good cause.  Please refer to FRAP 39, 28 U.S.C. § 1920, and Circuit Rule 39-1 when preparing your bill of costs.

_____ v. _____                                    CA No. _____

The Clerk is requested to tax the following costs against:_____

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, Circuit Rule 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs.* | Pages per Doc. | Cost per Page ** | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page | TOTAL COST |
| Excerpt of Record | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other | | | | | | | | |
| | | | TOTAL | $ | | | TOTAL | $ |

**Form 10. Bill of Costs -** *Continued*

**Other:**    Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit
Rule 39-1.  Additional items without such supporting statements will not be considered.

Attorneys fees **cannot** be requested on this form.

\* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess
   number must be submitted.

\*\* Costs per page may not exceed .10 or actual cost, whichever is less.  Circuit Rule 39-1.

I, _____, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily
performed, and that the requested costs were actually expended as listed.

Signature: _____
Date: _____

Name of Counsel (printed or typed): _____
Attorney for: _____

Date: _____     Costs are taxed in the amount of $_____

                        Clerk of Court
                        By: _____, Deputy Clerk